THE JUDICIAL COUNCIL OF THE FIFTH CIRCUIT

Before:  STEWART, Chief Judge, OWEN, DAVIS, JONES, SMITH, DENNIS, ELROD, HAYNES, COSTA, LEMELLE, DICK, HICKS, DAVIDSON, JORDAN, LYNN, HINOJOSA, CLARK, and MARTINEZ

DOCKET NO. 05-14-90120

IN RE: Complaint of Judicial Misconduct Against United States District Judge Walter S. Smith, Jr., Under the Judicial Improvements Act of 2002

ORDER AND MEMORANDUM OF REASONS

This matter is before the Judicial Council of the Fifth Circuit ("Judicial Council") on remand from the Committee on Judicial Conduct and Disability of the Judicial Council of the United States ("JCUS Committee").

A complaint of judicial misconduct was lodged in September 2014 against United States District Judge Walter S. Smith, Jr. of the Western District of Texas, in effect alleging that in 1998 he made inappropriate and unwanted sexual advances toward a court employee. A Special Committee ("Committee") appointed pursuant to 28 U.S.C. § 353 retained counsel to interview witnesses, and otherwise to carry out the investigation under its direction.

The investigators began their investigation in January 2015, and interviewed witnesses and took depositions throughout the first part of that year. The investigation was completed by mid-May, and Judge Smith's attorney was given the transcripts and other materials obtained by the investigators.[1]

---

[1] As noted in the comments to Rule 15 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, the subject judge does not have the right to participate in the investigative phase of a special investigative committee's work, and neither Judge Smith nor his attorney was present at these depositions. The depositions taken by the investigators both in this first investigation and in its more recent continuation might be described more precisely as oral examinations under oath; they were both transcribed and video-recorded.

EXHIBIT 3 Page 1 of 4

Judge Smith met with the Committee and testified under oath on August 18, 2015. He chose not to request a hearing, or exercise his right to cross-examine witnesses provided by Rule 15(c) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings. In October 2015, the Committee provided its report to the Judicial Council as well as to Judge Smith's attorney.

On December 3, 2015, the Judicial Council issued an order of reprimand finding that Judge Smith had engaged in misconduct, suspending for one year the assignment of new cases to him, directing him to complete a sensitivity training course, and further directing him to recuse himself in defined classes of current and future cases and to follow formal recusal procedures.

The complainant petitioned for review of the Judicial Council's order to the JCUS Committee. On July 8, 2016, the JCUS Committee entered a Memorandum of Decision remanding the matter to the Judicial Council, with instructions that the Judicial Council "undertake additional investigation and make additional findings where appropriate and reconsider the appropriate sanction if there are additional findings." The JCUS Committee specifically requested additional findings (1) with respect to the complainant's allegations that Judge Smith had sexually harassed other women in the courthouse, and "whether there was a pattern and practice of such behavior," and (2) as to the manner in which Judge Smith's conduct in allowing false factual assertions to be made to the Council "adversely impacted or interfered with the inquiry, if at all."

The Committee immediately re-engaged its prior investigators, who built upon their earlier work.[2] In the second investigation, over the course of approximately two months, the investigators ensured that all witnesses identified by the complainant, as well as all witnesses potentially having information relevant to the issues raised in the order of remand, were interviewed. The investigators obtained statements or affidavits from, and/or conducted depositions of, all people having relevant information. Overall, the investigators communicated with, received statements or affidavits from or deposed over 50 people. Although the investigation is complete, due to the circumstances described below, the Committee had not yet conducted any hearings, and Judge Smith had not reviewed any statements or depositions given in the second

---

[2] In the first investigation, which spanned five months, the investigators interviewed 31 people who potentially had information relevant to the subject of the complaint, and affidavits or statements were obtained from, and/or depositions were taken of, those persons with relevant information. In both investigations, the investigators exercised the subpoena power provided under 28 U.S.C. § 356(a).

investigation or been afforded the opportunity to cross-examine witnesses or present argument to the Committee.  See Rules for Judicial-Conduct and Judicial-Disability Proceedings Rules 14 and 15.

After the close of the investigators' work, but prior to resolution of proceedings on remand and any fact-finding by the Committee, Judge Smith announced that he had "retire[d] from office" under 28 U.S.C. § 371(a), effective immediately, by letter dated September 14, 2016 addressed to President Obama.

A judge who retires from office under § 371(a) is "no longer a judicial officer", and is "no longer subject to the disciplinary procedures of Section 372(c) [now 28 U.S.C. § 351 et seq.] and the remedies they prescribe." In re Charge of Judicial Misconduct, 91 F.3d 90, 91 (9th Cir. Judicial Council 1996), citing In re Complaint of Judicial Misconduct, 10 F.3d 99, 100 (3d Cir. Judicial Council 1994); see also In re Complaint of Judicial Misconduct, No. 13-02 (Judicial Conference of the United States 2014) (noting that after Judge Boyce Martin's retirement from office, the Second Circuit Judicial Council found that "the retirement was an intervening event that had made further proceedings unnecessary" per Rules for Judicial-Conduct and Judicial-Disability Proceedings Rule 20(b)(1)(B)).

In the light of Judge Smith's retirement from office, the Judicial Council is no longer able to impose any sanction under 28 U.S.C. § 354(a)(2)(A) or (B). The Council is satisfied that the investigation was comprehensive, and has identified and defined the full scope of the potential adverse findings that could be made about Judge Smith's conduct. After considering the information obtained in the second investigation, the Council again concludes that the actions of Judge Smith, though serious, do not warrant a recommendation for impeachment.

As noted in the first Judicial Council order, there is evidence that there were other incidents involving Judge Smith similar to the incident that was the focus of the complaint. After further investigation on remand, the investigators found no evidence that any such incidents have occurred in many years, despite their having interviewed all witnesses likely to have knowledge of any such conduct. The first order also indicated that there were misrepresentations by Judge Smith that extended the proceeding, but that did not affect its outcome. Thus, the Council concludes that Judge

Smith's actions in neither respect warrant recommending the extraordinary step of attempting the impeachment of a judge who is no longer on the bench.[3]

Pursuant to the Rules for Judicial-Conduct and Judicial-Disability Proceedings Rule 20(b)(1)(B), the Judicial Council concludes this proceeding because the intervening event of Judge Smith's retirement from office has made further action unnecessary.

This order, the December 3, 2015 order, and any order entered in connection with Complaint Number 05-16-90014 will be available immediately in the public record, consistent with the requirements of 28 U.S.C. § 360(b), and will be placed on the website of the Fifth Circuit Court of Appeals. Pursuant to Rules for Judicial-Conduct and Judicial-Disability Proceedings Rule 24(a)(2) and (a)(5), it is ordered that the names of the subject judge and the complainant shall be disclosed.

For the Council:

Date: September 28, 2016

*Carl E. Stewart*
Chief Judge

---

[3] The Committee considered whether impeachment and conviction after retirement would affect a judge's annuity under 28 U.S.C. § 371(a). The text of the Constitution (Article I, section 3, clause 7 states that "Judgment in Cases of Impeachment" extends only to removal from office and disqualification from further office) and the statute (a judge who has retired under § 371(a) "shall" receive the annuity, with no stated exceptions) indicate that impeachment after retirement would not result in loss of the annuity. See also Johnson v. United States, 79 F.Supp. 208, 210-11 (Ct. Cl. 1948) (the statutory right to salary [now annuity] after retirement is a property right likely subject to the protection of the Fifth Amendment). The Council further finds that the likelihood that Judge Smith will attain public office in the future is minimal, certainly not such as would warrant the significant additional expenditure and drain on judicial and Congressional resources that completing this proceeding and attempting impeachment would entail.