| | | |
|---|---|---|
| CHRISTOPHER ANDRE VIALVA, | § | |
| Petitioner, | § | |
| | § | No. 2:20-cv-00413-JMS-DLP |
| v. | § | CAPITAL CASE |
| | § | Execution Scheduled: |
| WARDEN, et al., | § | September 24, 2020 |
| Respondents. | § | |

## UNOPPOSED MOTION FOR LEAVE TO RESPOND TO PETITIONER'S MOTION FOR STAY OF EXECUTION

Yesterday, Petitioner Christopher Andre Vialva filed a motion for a stay of execution. *See* Dkt. No. 13. Vialva's motion seeks the same relief he has already requested in his petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 1 at 102. Vialva's motion is therefore impermissible under this Court's order directing the parties to "address Mr. Vialva's pending motion to stay his execution in the response and reply briefs [concerning the § 2241 petition] instead of briefing the motion separately." Dkt. No. 6 at 1. If the Court nonetheless permits Vialva to file his separate motion for a stay of execution, Respondents respectfully request leave to file the attached response. Vialva's counsel does not object to that request. In support of this motion, Respondents state as follows:

1. On August 10, 2020, Vialva filed a petition for a writ of habeas corpus under § 2241. In that petition, Vialva sought—as his first "Request for Relief"—an order from this Court "grant[ing] a stay of execution pending a final resolution of the claims raised in this Petition." Dkt. No. 1 at 102.

2. On August 11, 2020, this Court entered an Order to Show Cause, which permitted Respondents "through August 25, 2020, to answer the allegations of the petition and show cause why the relief sought should not be granted" and permitted Vialva "through September 1, 2020, to reply." Dkt. No. 6 at 1 (emphasis

omitted). The Order to Show Cause further directed that "[t]he parties must also address Mr. Vialva's pending motion to stay his execution in the response and reply briefs described above instead of briefing the motion separately." *Id.*

3. On August 25, 2020, Respondents filed their response brief in opposition to Vialva's § 2241 petition. *See* Dkt. No. 11. In compliance with this Court's Order to Show Cause, Respondents addressed in that filing the merits of Vialva's motion for a stay of execution. *See id.* at 41–44.

4. On August 31, 2020, Vialva filed a reply in support of his § 2241 petition. *See* Dkt. No. 12. The final section of his reply contained a perfunctory assertion that he "is entitled to a stay of execution" for reasons put forward in "a Motion for Stay of Execution [filed] contemporaneously with this Reply." *Id.* at 31– 32. On the same day, he filed a Motion for Stay of Execution, Dkt. No. 13, that "brief[ed] . . . separately" the reasons for granting equitable relief—notwithstanding the Court's direction to the contrary in its Order to Show Cause, Dkt. No. 6 at 1.

5. Although Vialva states in his new stay motion that he "intended" to file "a standalone motion" at the time he requested a stay in his § 2241 petition, Dkt. No. 13 at 1 n.1, he does not explain why he waited until now to do so or, more importantly, why he disregarded this Court's order directing him not to file a further motion. Particularly given that Vialva's scheduled execution is now 24 days away, Respondents are concerned that Vialva's attempt to restart motions briefing on his stay request after the government has already responded to his § 2241 petition may result in unjustified delay.

6. Vialva's motion to stay his execution raises arguments that he could have made—but did not make—in support of the original stay request in his § 2241 petition. Accordingly, if this Court decides to allow Vialva to file his unauthorized stay motion notwithstanding the Court's order to the contrary, Respondents request leave to file a response. Although Vialva's stay motion expresses his "understanding

that the Government will have an opportunity to respond separately to this Motion," Dkt. No. 13 at 1 n.1, Respondents still consider themselves bound by this Court's Order to Show Cause, which precludes separate briefing absent a further order of this Court.

7.     To avoid further unnecessary delay, Respondents have filed their proposed response as an attachment to this motion. If the Court decides to allow Vialva to file his unauthorized stay motion, Respondents respectfully request that it also accept the attached response.

Respectfully Submitted,

JOSH J. MINKLER
United States Attorney

By:     *s/ Elizabeth Berenguer*
ELIZABETH BERENGUER
Special Assistant United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100 (phone)
(210) 384-7126 (fax)
elizabeth.berenguer@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to:

Susan M. Otto
Federal Public Defender
Western District of Oklahoma
susan_otto@fd.org

Emma V. Rolls
Assistant Federal Public Defender
Capital Habeas Unit
emma_rolls@fd.org

*Attorneys for Petitioner.*

> *s/ Elizabeth Berenguer*
> ELIZABETH BERENGUER
> Special Assistant United States Attorney