THE JUDICIAL COUNCIL
OF THE FIFTH CIRCUIT
FILED

DEC 04 2015

THE JUDICIAL COUNCIL OF THE FIFTH CIRCUIT

Paul Benjamin Anderson, Jr.
Secretary to the Council

Before:  STEWART, Chief Judge, OWEN, JOLLY, JONES, SMITH, PRADO, ELROD, SOUTHWICK, HAYNES, COSTA, LEMELLE, DICK, HICKS, AYCOCK, JORDAN, LYNN, HINOJOSA, CLARK, AND MARTINEZ

DOCKET NO. 05-14-90120

IN RE:  Complaint of Judicial Misconduct Against United States District Judge Walter S. Smith, Jr., Under the Judicial Improvements Act of 2002

ORDER OF REPRIMAND AND MEMORANDUM OF REASONS

A complaint of judicial misconduct was lodged in September 2014 against the Honorable Walter S. Smith, Jr. of the Western District of Texas, in effect alleging that in 1998 Judge Smith committed misconduct when he made inappropriate, unwanted physical and non-physical sexual advances to an employee of the federal judicial system. A Special Committee was appointed pursuant to 28 U.S.C. § 353 to conduct an investigation of the complaint. The Special Committee retained counsel to conduct interviews with and take statements from witnesses, and otherwise to carry out the investigation under its direction. The Special Committee also met with Judge Smith who was represented by counsel and who testified under oath.

The Special Committee has concluded its investigation, and submitted its Report to the Judicial Council. In the Report, the Special Committee recommended that Judge Smith receive a public reprimand from the Judicial Council, and that certain other remedial measures be taken.

Based on the Special Committee's Report, the findings and conclusions therein, and the admissions made by Judge Smith to the Special Committee and in his response to the Report, the Judicial Council finds that in 1998 Judge Smith made

1

Exhibit 1 - Page 1 of 13

inappropriate and unwanted physical and non-physical sexual advances toward a court employee, and that such behavior was in contravention of existing standards of behavior for federal judges. The Judicial Council further finds that Judge Smith does not understand the gravity of such inappropriate behavior and the serious effect that it has on the operations of the courts. The Judicial Council also finds that Judge Smith allowed false factual assertions to be made in response to the complaint, which, together with the lateness of his admissions, contributed greatly to the duration and cost of the investigation.

Pursuant to 28 U.S.C. § 354(a)(2)(A)(iii), the Judicial Council reprimands Judge Smith for this conduct. The Judicial Council further admonishes Judge Smith that his actions are inconsistent with Canons 1 and 2 of the Code of Conduct for United States Judges and are prejudicial to the effective and expeditious administration of the business of the courts. It is imperative that Judge Smith not allow such events to recur and he is so directed.

Pursuant to 28 U.S.C. § 354(a)(2)(A)(i), the Judicial Council instructs the Clerk of Court for the Western District of Texas to suspend the assignment of new cases to Judge Smith for one year after the date of this order.

Further, in the exercise of its power under 28 U.S.C. § 354(a)(1)(C) to take such action as is appropriate to assure the effective and expeditious administration of the business of the courts within the circuit, the Judicial Council directs Judge Smith to complete at his expense a course of sensitivity training about appropriate professional interaction that is satisfactory to the Judicial Council. In this connection, Judge Ed Kinkeade of the Northern District of Texas is appointed to act as liaison between Judge Smith and the Judicial Council, and to make such recommendations as Judge Kinkeade deems appropriate.

The Judicial Council has concluded that the actions of Judge Smith in 1998 and in connection with the investigation of this complaint do not warrant a recommendation for impeachment. However, it has imposed severe sanctions otherwise available to it under 28 U.S.C. § 354 and Rule 20(b) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

Exhibit 1 - Page 2 of 13

The Special Committee having learned in the course of its investigation that Judge Smith did not follow appropriate procedures regarding recusal from cases in which his counsel in this matter was representing parties in his court, the Judicial Council further directs Judge Smith: (1) to recuse *sua sponte* (subject to remittal) in any future cases involving an attorney who is representing him at the time; (2) to recuse *sua sponte* in any cases in which his counsel in this matter has entered an appearance, filed during a three-year period following the conclusion of the representation; and (3) to follow the formal procedures mandated by 28 U.S.C. § 455(e) rather than attempting by informal means to obtain waivers of other potential conflicts of interest.[1]

This Order will be available in the public record on request, consistent with the requirements of 28 U.S.C. § 360(b), and will be placed on the website of the Fifth Circuit Court of Appeals, together with an appropriately redacted version of the complaint.

For the Council:

Date: <u>December 3, 2015</u>

Chief Judge

---

[1] Recusal is not ordinarily required after the representation of a judge by an attorney has been terminated. However, it appears that the informal procedure used by Judge Smith resulted in at least one party in a case before him not being informed that opposing counsel was also representing Judge Smith. Accordingly, the Judicial Council imposes this further restriction in order to preserve public confidence in the judiciary.

3

Exhibit 1 - Page 3 of 13

COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY
OF THE JUDICIAL CONFERENCE OF THE UNITED STATES

_____

C.C.D. No. 16-01

_____

IN RE: COMPLAINT OF JUDICIAL MISCONDUCT

_____

PROCEEDING IN REVIEW OF THE ORDER AND MEMORANDUM
OF THE JUDICIAL COUNCIL OF THE FIFTH CIRCUIT
J.C. No. 05-14-90120

_____

MEMORANDUM OF DECISION

_____

(Filed July 8, 2016)

Present:    Judges Anthony J. Scirica, Chair, Sarah Evans Barker, Joel F. Dubina, Joel M. Flaum, Thomas F. Hogan, Kathryn H. Vratil, and James E. Gritzner.[1]

**MEMORANDUM OF DECISION**

This matter is before the Judicial Conduct and Disability Committee on attorney Ty Clevenger's petition for review of his complaint against Judge Walter S. Smith, Jr. filed under the Judicial Conduct and Disability Act of 1980 ("Act"), 28 U.S.C. §§ 351–64, and the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Rules") (U.S. Jud. Conf. Sept. 17, 2015). Mr. Clevenger alleges Judge Smith made inappropriate, unwanted physical and non-physical sexual advances toward a court employee in 1998. The Fifth Circuit Judicial Council issued an order dated December 3, 2015, confirming the misconduct alleged by Mr. Clevenger and reprimanding Judge Smith, suspending the assignment of new cases to Judge Smith for one year,

---

[1] This panel was comprised of six members of the seven-member Judicial Conduct and Disability Committee. One member was disqualified, and the Chief Justice selected an additional judge to join the qualified members to consider the petition for review. R. 21(c) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

1

Exhibit 1 - Page 4 of 13

and requiring Judge Smith to undergo sensitivity training. In his petition for review, Mr. Clevenger characterizes the Circuit Judicial Council's punishment as "far too lenient," urging the Judicial Conduct and Disability Committee to recommend impeachment. We are unable to complete our review of the record before us because findings were not made by the Circuit Judicial Council on all matters raised in its investigation.

Mr. Clevenger filed his complaint against Judge Smith on September 8, 2014, alleging Judge Smith committed misconduct when he made inappropriate, unwanted physical and non-physical sexual advances toward a court employee in 1998. The Chief Judge of the U.S. Court of Appeals for the Fifth Circuit appointed a Special Committee on October 28, 2014, to conduct an investigation into the allegations raised in Mr. Clevenger's complaint. The Special Committee retained counsel to conduct an investigation, including interviews with and statements from witnesses. It also received testimony under oath from Judge Smith. Following its investigation, the Special Committee submitted its findings and recommendations to the Judicial Council of the Fifth Circuit.

Based on the Special Committee's report, to which Judge Smith filed a response on November 4, 2015, the Circuit Judicial Council issued an order dated December 3, 2015, finding the following:

- "[I]n 1998 Judge Smith made inappropriate and unwanted physical and non-physical sexual advances toward a court employee."

- "Judge Smith does not understand the gravity of such inappropriate behavior and the serious effect that it has on the operations of the courts."

2

Exhibit 1 - Page 5 of 13

- "Judge Smith allowed false factual assertions to be made in response to the complaint, which, together with the lateness of his admissions, contributed greatly to the duration and cost of the investigation."

The Circuit Judicial Council issued a reprimand to Judge Smith, instructed the Clerk of Court for the Western District of Texas to suspend the assignment of new cases to Judge Smith for one year, and directed Judge Smith to complete sensitivity training. *See* 28 U.S.C. §§ 354(a)(1)(c), (a)(2)(A)(i), (a)(2)(A)(iii).

Mr. Clevenger filed his petition for review to the Committee on Judicial Conduct and Disability on January 18, 2016, in which he requests the Committee "suspend Judge Smith from the bench immediately and recommend impeachment." Mr. Clevenger also notes he submitted "the names of witnesses to other alleged incidents wherein Judge Smith sexually harassed women in the courthouse" and thus he believes "the assault of [the court employee] was [not] an isolated incident." The Circuit Judicial Council neither addressed nor made findings with respect to these additional allegations.

The Judicial Conduct and Disability Committee has reviewed the record and considers this petition for review under Section 357 of the Act and Rule 21. We review circuit judicial council orders for errors of law, clear errors of fact, or abuse of discretion. R. 21(a). Rule 21(d) allows the Judicial Conduct and Disability Committee to return a matter to a circuit judicial council with directions to undertake additional investigation.

Because Mr. Clevenger's petition for review includes the names of individuals who allegedly witnessed other instances of Judge Smith's sexual harassment of women in the

3

Exhibit 1 - Page 6 of 13

courthouse, it raises the question whether there was a pattern and practice of such behavior.[2] The Circuit Judicial Council's order neither addressed nor made findings on these additional allegations of misconduct or on other matters raised by its investigation. Because we believe that additional findings are essential to the consideration of the petition for review, we are unable to complete our review of the Circuit Judicial Council's order.

Accordingly, we return this matter to the Circuit Judicial Council with directions to undertake additional investigation and make additional findings where appropriate and reconsider the appropriate sanction if there are additional findings. Regarding Judge Smith allowing false factual assertions in response to the complaint, the Committee requests additional findings and recommendations as to the manner in which Judge Smith's conduct adversely impacted or interfered with the inquiry, if at all.

---

[2] *See, e.g.*, Judicial Conference of the United States, Certificate of Consideration of Impeachment of Former U.S. District Judge Mark E. Fuller (Sept. 9, 2015); Judicial Conference of the United States, Certificate of Consideration of Impeachment of U.S. District Judge Samuel B. Kent (June 9, 2009).

Exhibit 1 - Page 7 of 13

# Judicial conduct committee orders deeper investigation of Waco federal judge

**By TOMMY WITHERSPOON twitherspoon@wacotrib.com |
Posted: Friday, July 8, 2016 6:29 pm**

A federal judicial conduct committee ruled Friday that a reprimand and sanctions imposed last year against U.S. District Judge Walter S. Smith Jr. may not have gone far enough and that additional investigation into whether the judge engaged in a "pattern and practice" of making unwanted sexual advances toward women is needed.

In a four-page decision, the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States said the 5th U.S. Circuit Court of Appeals Judicial Council failed to adequately address certain allegations made by New York attorney Ty Clevenger in Clevenger's complaint against the 75-year-old Smith.

Smith, who has been a federal judge since 1984, declined comment Friday through a court employee on the committee's decision.



## Walter Smith

A federal judicial conduct committee has ordered additional investigation of U.S. District Judge Walter S. Smith Jr., who was sanctioned in December for inappropriate conduct with a court clerk in his chambers.

The 5th Circuit judicial council found there was evidence to support claims that Smith made "inappropriate, unwanted physical and nonphysical sexual advances" toward a court employee in 1998 and reprimanded the judge. It also suspended the assignment of any new cases to the judge for one year and required him to undergo sensitivity training.

Clevenger appealed the order to the Committee on Judicial Conduct in January, charging that the punishment was "far too lenient" and urging the judicial council to recommend that Smith be impeached.

Clevenger supplemented his initial appeal by submitting the names of witnesses to other alleged incidents in which Smith reportedly sexually harassed other women in the courthouse. His appeal alleged "the assault of the court employee was not an isolated incident."

Exhibit 1 - Page 8 of 13

Judicial conduct committee orders deeper investigation ...    Page 2 of 4

The 5th Circuit council did not address or issue any findings related to the additional allegations, the Committee on Judicial Conduct said.

## 'Sad commentary'

"The order corroborates my suspicion that the 5th Circuit downplayed the scope of Judge Smith's misconduct," Clevenger said Friday. "I provided the judges with a transcript of one victim's testimony, so they couldn't very well ignore that incident, but then they ignored all of the other alleged victims and witnesses. It's a pretty sad commentary on the judiciary's ability to police itself."

Besides finding that Smith made unwanted advances toward the former court employee, the 5th Circuit judicial council also said Smith does not understand "the gravity of such inappropriate behavior and the serious effect that it has on the operations of the courts" and that the judge "allowed false factual assertions to be made in response to the complaint, which, together with the lateness of his admissions, contributed greatly to the duration and cost of the investigation."

The order states that because Clevenger's appeal included the names of individuals who allegedly witnessed other instances of the judge's reported sexual harassment of women in the courthouse, "it raises the question whether there was a pattern and practice of such behavior."

"Because we believe that additional findings are essential to the consideration of the petition for review, we are unable to complete our review of the Circuit Judicial Council's order," the order says.

The committee remanded the case back to the council with instructions to "undertake additional investigation and make additional findings where appropriate and reconsider the appropriate sanction if there are additional findings."

The committee also directed the council to provide "additional findings and recommendations" concerning the finding that Smith allowed false factual assertions to be made in his response to the complaint and to determine "the manner in which Judge Smith's conduct adversely impacted or interfered with the inquiry, if at all."

"Judge Smith needs to be impeached, and I have to wonder how much longer Congressman (Bill) Flores will sit on his hands, waiting for the judiciary to give him political cover," Clevenger said. "At the very least, Congressman Flores could initiate a parallel investigation in Congress rather than crossing his fingers and hoping someone else will do his job for him."

Flores said after Smith was reprimanded that he thought the punishment against him did not fit the allegations and he pledged to investigate procedures by which judges are impeached.

Exhibit 1 - Page 9 of 13

Judicial conduct committee orders deeper investigation ...    Page 3 of 4

But months later, after Clevenger appealed the matter, Flores said he was content to allow the federal appeals process to play itself out.

Smith also was reprimanded because he failed to properly disclose that the attorney who represented Smith against Clevenger's allegations had cases pending in Smith's court.

## Grievance against lawyer

Clevenger filed a grievance against Waco attorney Greg White, and the State Bar of Texas is pursuing a disciplinary case against White. White responded to the State Bar charges leveled by Clevenger, and Clevenger made White's responses public.

White's answer acknowledged that an attorney from Florida who was unhappy with Smith's rulings in the case questioned White about his relationship with the judge. White told him he was representing the judge, and the attorney immediately filed a motion to recuse Smith from the case, which Smith granted.

"Frankly, I had assumed three things," White wrote in his answer. "First, I thought my role was so limited that my representation made no difference to anyone. Second, I though that Tammy (Hooks, Smith's career law clerk) was calling people in my cases (to inform opposing parties of White and Smith's attorney-client relationship). Third, I knew that I was bound by confidentiality — both by rule, and by my client's instruction — not to volunteer that Judge Smith was the subject of a judicial conduct complaint or that I was his lawyer."

White prepared a draft and said the judge asked him to sign the motion as his attorney.

"One statement in the motion to dismiss bears mention," White's memo says. "After talking to Judge Smith, I was under the impression that he believed that the young lady involved might have acted in a way to suggest her willingness to participate in a personal relationship — that she was the aggressor.

"I wrote that in the motion to dismiss — characterizing it as Judge Smith's 'memory.' His memory came from a lawyer-friend of Judge Smith's while Judge Smith's divorce was pending. During the divorce, there were apparently 'threats' to make this woman's complaint a public matter," White's memo says.

The lawyer, whom White did not identify, suggested that they could respond to the threatened publicity by suggesting that the woman approached the judge romantically in an attempt to gain favorable treatment for her husband, who was part of a group considering litigation in Smith's court.

"That suggestion to Judge Smith (from his lawyer-friend) stuck with him, and he suggested it to me," White wrote.

Judicial conduct committee orders deeper investigation ...    Page 4 of 4

"After the motion to dismiss was filed, a more careful examination of the docket" revealed the suggestion that the woman approached the judge in such a manner to help her husband was not true, since the lawsuit involving her husband was not filed until long after the incident in Smith's chambers.

During the council probe, the investigator told White that the investigator knew that version was not true.

"I acknowledged to the investigator that we had misstated that, and wished to correct it," White's memo says.

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

IN RE:

The Complaint of Ty Clevenger Against United States District Judge
Walter S. Smith Jr., Western District of Texas, Under the Judicial
Improvements Act of 2002.

Complaint Number: 05-16-90014

---

ORDER

Attorney Ty Clevenger complains that United States District Judge Walter S.
Smith, Jr. failed to disclose to parties and counsel appearing before him in several matters
that he had an attorney-client relationship with one of the attorneys of record in those
matters.   Clevenger also complains that Judge Smith "may have received free legal
services" from his attorney, that "if there was a *quid pro quo* in exchange for free legal
services, the violation is not merely civil but criminal, that "[i]f Judge Smith received free
legal services from [his attorney] and failed to report the gift in his annual financial
disclosures, that too could be a criminal violation," and that "if [the attorney] and Judge
Smith colluded while making misrepresentations" in connection with another complaint
against Judge Smith, "then they could be prosecuted for fraud."

By order of December 3, 2015, entered in connection with Complaint Number 05-
14-90120, the Judicial Council of the Fifth Circuit addressed the first issue complained of
here.  In that order, Judge Smith was directed to follow formal recusal procedures and to
recuse himself in defined classes of current and future cases.

- 1 -

Exhibit 1 - Page 12 of 13

The remaining allegations are subject to dismissal under 28 U.S.C. § 352(b)(1)(A)(iii) because they lack sufficient evidence to raise an inference that misconduct has occurred.

Moreover, Judge Smith retired from judicial office pursuant to 28 U.S.C. § 371(a) as of September 14, 2016. A judge who retires from office under § 371(a) is "no longer a judicial officer", and is "no longer subject to the disciplinary procedures of Section 372(c) [now 28 U.S.C. § 351 et seq.] and the remedies they prescribe." In re Charge of Judicial Misconduct, 91 F.3d 90, 91 (9th Cir. Judicial Council 1996), citing In re Complaint of Judicial Misconduct, 10 F.3d 99, 100 (3d Cir. Judicial Council 1994); see also In re Complaint of Judicial Misconduct, No. 13-02 (Judicial Conference of the United States 2014) (noting that after Judge Boyce Martin's retirement from office, the Second Circuit Judicial Council found that "the retirement was an intervening event that had made further proceedings unnecessary" per Rules for Judicial-Conduct and Judicial-Disability Proceedings Rule 20(b)(1)(B)). Judge Smith's retirement is an intervening event that makes action on the complaint unnecessary, and the complaint against him is therefore concluded pursuant to 28 U.S.C. § 352(b)(2).

Pursuant to the September 28, 2016 order entered in connection with Complaint Number 05-14-90120, this order will be available immediately in the public record, consistent with the requirements of 28 U.S.C. § 360(b), and will be placed on the website of the Fifth Circuit Court of Appeals. Pursuant to the September 28, 2016 order and the Rules for Judicial-Conduct and Judicial-Disability Proceedings Rule 24(a)(2) and (a)(5), it is ordered that the names of the subject judge and the complainant shall be disclosed.

Carl E. Stewart
Chief Judge

Date:  September 29, 2016

- 2 -

Exhibit 1 - Page 13 of 13