# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ANDRÉ VIALVA, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 2:20-cv-00413-JMS-DLP** |
| | ) | |
| WARDEN, USP-TERRE HAUTE, | ) | **CAPITAL CASE** |
| UNITED STATES OF AMERICA, | ) | **EXECUTION SCHEDULED FOR** |
| | ) | **SEPTEMBER 24, 2020** |
| **Respondents.** | ) | |

## PETITIONER'S REPLY TO RESPONDENTS'
## OPPOSITION TO MOTION FOR STAY OF EXECUTION

The Government has ignored the fact the Attorney General of the United States set an execution date for Mr. Vialva only 55 days from the date of notice.[1] What is more, the Government does not deny that Mr. Vialva has been actively seeking review of his post-conviction claims by the federal courts for the last 16 years, with his last attempt concluding just earlier this year. Dkt. 13 at 7. Mr. Vialva simply seeks adequate time to obtain redress from this Court for Constitutional claims that have never been afforded a meaningful opportunity for review. For the reasons herein

---

[1]On August 14, 2020, Mr. Vialva filed in the Western District of Texas a Motion to Enjoin the Federal Bureau of Prisons and the United States Marshals Service from Executing Mr. Vialva Without Legal Authority and in Violation of State Law. *See United States v. Vialva*, Case No. W-99-CR-00070(1), Dkt. 675 (W.D. Tex. Aug. 14, 2020). The 55-day notice of Mr. Vialva's execution violates Texas law, which provides an execution date will be set no fewer than 91 days from a court order setting execution. *Id.* at 8-10. By failing to comply with the laws of Texas, the Attorney General's notice of Mr. Vialva's execution violates the Federal Death Penalty Act, 18 U.S.C. § 3596. *Id.* In addition to violating the law of Texas which secures Mr. Vialva a minimum of 91 days, the abbreviated schedule is significantly less than the 137 days initially afforded Daniel Lee and the 139 days initially afforded Lezmond Mitchell. *See United States v. Lee*, 2020 WL 3921174 at *1 (E.D. Ark. July 10, 2020); *United States v Mitchell*, 2020 WL 4815961 at *1 (9th Cir. Aug. 19, 2020).

and those in his stay motion, Dkt. 13, his § 2241 petition, Dkt. 1, and his reply, Dkt. 12, Mr. Vialva respectfully requests that his Motion for Stay of Execution be granted.

The Government argues against a stay by claiming Mr. Vialva cannot demonstrate a likelihood of success on the merits of his claims because Mr. Vialva raised the same claims in his § 2255 motion. Dkt. 18 at 3. The Government fails to engage with Mr. Vialva's previous argument that in *Webster v. Daniels*, 784 F.3d 1123, 1138 (7th Cir. 2015), the Seventh Circuit found the petitioner was permitted "to resort to § 2241," despite that he had raised the same claim – exemption from the death penalty due to intellectual disability – in his § 2255 motion. *See* Dkt. 12 at 5. The Government's argument the "district court fully considered and rejected" Mr. Vialva's claims, Dkt. 18 at 3, ignores the fact the district court did not give Mr. Vialva's § 2255 motion full and fair consideration because of Judge Smith's alcohol abuse, serious misconduct, and continuing recalcitrance. *See* Dkt. 1 at 3-11. Finally, the contention "Mr. Vialva challenged the district court's ruling before the Fifth Circuit," Dkt. 18 at 3, does not respond to Mr. Vialva's argument asserting the Fifth Circuit engaged in the same unconstitutionally cramped process for obtaining a certificate of appealability that the Supreme Court condemned in *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). *See* Dkt. 1 at 8-10. Contrary to the Government's assertion, Mr. Vialva is not seeking a "do-over," Dkt. 18, at 3; he is simply seeking his "one fair shot at habeas review that Congress intended [he] have." *Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005) (Stevens, J., dissenting).

In its attempt to dissuade the Court that the balance of harm weighs in Mr. Vialva's favor, the Government relies on two cases inapposite to Mr. Vialva: *Lambert v. United States*, 498 F.3d 446 (7th Cir. 2007) and *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019). The Government makes no attempt to address the critical distinctions between *Lambert* and Mr. Vialva's case, which Mr.

Vialva addressed in his stay motion. *See* Dkt. 13 at 7-8. Based on these critical distinctions, *Lambert* provides no support for the Government. *Bucklew* is similarly unavailing. Unlike Mr. Vialva's § 2241 petition, *Bucklew* involved a § 1983 action in which the petitioner challenged Missouri's lethal injection protocol. 139 S. Ct. at 1118-19. Similar to the petitioner in *Lambert*, Mr. Bucklew did not raise his claim until less than two weeks before his scheduled execution. *Id.* at 1119. In contrast to the petitioners in *Lambert* and *Bucklew*, Mr. Vialva filed his § 2241 petition 44 days before his scheduled execution date, just ten days after receiving notice from the Government of that date.

Mr. Vialva amply demonstrated he did not unnecessarily delay filing his § 2241 petition. A United States District Judge for the Southern District of Indiana has agreed that a petitioner did not unnecessarily delay filing his § 2241 petition under similar circumstances. *See Lee v. Warden USP Terre Haute*, Case No. 2:19-cv-00468- JPH-DLP, Order and Opinion Staying Execution of Daniel Lewis Lee, Dkt. 6 at 23-25 (S.D. Ind. Dec. 5, 2019). Further, Mr. Vialva has already shown why the Government's reliance on *Lambert* to argue Mr. Vialva engaged in "dilatory tactics" is misplaced. *See supra*; Dkt. 13 at 7-8. The Government offers nothing to rebut the critical distinctions between *Lambert* and Mr. Vialva's case. The fact "the government announced its intention to resume federal executions over a year ago," Dkt. 18 at 6, does not establish Mr. Vialva unnecessarily delayed filing his § 2241 petition. At the time the Government announced it was resuming federal executions, Mr. Vialva was still seeking review of his constitutional claims. *See* Dkt. 13 at 7. As the Government admits, Dkt. 11 at 43, in March of this year the impact of the COVID-19 required even this Court to close for a short time.

Mr. Vialva respectfully requests this Court grant him a stay, consider his § 2241 petition on its merits, and prevent an unconstitutional execution from going forward.

Respectfully submitted,

/s/ Emma V. Rolls
SUSAN M. OTTO
Federal Public Defender Western District of Oklahoma
215 Dean A. McGee Avenue   Suite 109
EMMA V. ROLLS
Assistant Federal Public Defender
Capital Habeas Unit   Suite 707
Oklahoma City, Oklahoma  73102
Telephone 405 609-5930       Telefacsimile 405 609-5932
Electronic Mail for Service: Susan_Otto@fd.org
emma_rolls@fd.org
Counsel for Christopher André Vialva

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System.

Elizabeth Berenguer
Special Asst. United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

/s/ Emma V. Rolls
EMMA V. ROLLS