

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN 46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

September 9, 2020

Susan Margaret Otto
FEDERAL PUBLIC DEFENDER WESTERN
DISTRICT OF OKLAHOMA
215 Dean A. McGee Avenue
Suite 109
Oklahoma City, OK 73102

Elizabeth Rachel Berenguer
US ATTORNEY'S OFFICE
601 NW Loop 310
Suite 600
San Antonio, TX 78216

RE: CHRISTOPHER ANDRE VIALVA v. WARDEN

CAUSE NO: 2:20-cv-00413-JMS-DLP

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:20-cv-00413-JMS-DLP has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Rebekah Farrington, Deputy Clerk
812-231-1841

# Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

CHRISTOPHER ANDRÉ VIALVA,     )

Petitioner,     )

WARDEN, USP-TERRE HAUTE,     )
UNITED STATES OF AMERICA,     )

Respondents.     )

Case No. CIV-20-413-JMS-DLP

**Capital Case**
Execution Scheduled for:
September 24, 2020

## NOTICE OF APPEAL

Pursuant 28 U.S.C. § 1291, notice is hereby given that the Petitioner, Christopher André Vialva, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the order and final judgment entered by this Court September 8, 2020, denying Mr. Vialva's Petition for Writ of Habeas Corpus. Dkts. 20, 21.

Pursuant Fed. R. App. P. 24(a)(3), Petitioner notes that he proceeded in forma pauperis in his district court habeas action in this Court and that status has not changed, permitting him to proceed on appeal in forma pauperis.

Respectfully submitted,

 *s/ Emma V. Rolls*
EMMA V. ROLLS*
Okla. Bar No. 18820
Assistant Federal Public Defender
Office of the Federal Public Defender
Capital Habeas Unit
215 Dean A. McGee Ave., Suite 707
Oklahoma City, Oklahoma 73102
Telephone: (405) 609-5975

Telefacsimile: (405) 609-5976
Electronic Mail: Emma_Rolls@fd.org
* Designated Counsel of Record

SUSAN M. OTTO
Okla. Bar No. 6818
Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee Ave., Suite 109
Telephone: (405) 609-5930
Telefacsimile: (405) 609-5932
Electronic Mail: Susan_Otto@fd.org

COUNSEL OF RECORD FOR
CHRISTOPHER ANDRÉ VIALVA

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System.

Elizabeth Berenguer
Special Asst. United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
Electronic Mail: elizabeth.berenguer@usdoj.gov

 s/ *Emma V. Rolls*
EMMA V. ROLLS

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ANDRÉ VIALVA,** | ) | |
| | ) | **Case No.  CIV-20-413-JMS-DLP** |
| **Petitioner-Appellant,** | ) | |
| | ) | **Capital Case** |
| **WARDEN, USP-TERRE HAUTE,** | ) | **Execution Scheduled for:** |
| **UNITED STATES OF AMERICA,** | ) | **September  24, 2020** |
| | ) | |
| **Respondents-Appellees.** | ) | |

## PETITIONER-APPELLANT'S DOCKETING STATEMENT

Pursuant Seventh Circuit Rule 3(c)(1), Petitioner-Appellant, Christopher André Vialva, hereby submits this docketing statement for his appeal.

### I.      Jurisdictional Statement

The district court had jurisdiction over this matter under 28 U.S.C. § 2241(c)(1) and (3).  This Court has jurisdiction under 28 U.S.C. § 1291.  The date of entry of the judgment sought to be reviewed is September 8, 2020. The notice of appeal was filed September 8, 2020.

### II.     Prior or Related Appeals

The following prior or related appellate proceedings are listed as follows: 1) *United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002) (direct appeal); 2) *United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014) (appeal from denial of § 2255 motion); and 3) *United States v. Vialva*, 904 F.3d 356 (5th Cir. 2018) (appeal from denial of Rule 60(b) motion).

**III.    Custodial Information**

Mr. Vialva is currently confined at the United States Penitentiary in Terre Haute, Indiana. His execution is currently set for September 24, 2020. The current warden at USP-Terre Haute is T.J. Watson.

Pursuant Fed. R. App. P. 24(a)(3), Petitioner notes that he proceeded in forma pauperis in his district court habeas action in this Court and that status has not changed, permitting him to proceed on appeal in forma pauperis.

Respectfully submitted,


 *s/ Emma V. Rolls*
EMMA V. ROLLS*
Okla. Bar No. 18820
Assistant Federal Public Defender
Capital Habeas Unit
215 Dean A. McGee Ave., Suite 707
Oklahoma City, Oklahoma  73102
Telephone: (405) 609-5975
Telefacsimile: (405) 609-5976
Electronic Mail: Emma_Rolls@fd.org
*Designated Counsel of Record

SUSAN M. OTTO
Okla. Bar No. 6818
Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee Ave., Suite 109
Telephone: (405) 609-5930
Telefacsimile: (405) 609-5932
Electronic Mail: Susan_Otto@fd.org

COUNSEL OF RECORD FOR
CHRISTOPHER ANDRÉ VIALVA

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System.

Elizabeth Berenguer
Special Asst. United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
Electronic Mail: elizabeth.berenguer@usdoj.gov

s/ *Emma V. Rolls*
EMMA V. ROLLS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CHRISTOPHER ANDRE VIALVA,      )
                               )
                 Petitioner,   )
                               )
           v.                  )       No. 2:20-cv-00413-JMS-DLP
                               )
WARDEN, et al.                 )
                               )
                 Respondents.  )

**Order Denying Petition for a Writ of Habeas Corpus**

Christopher Andre Vialva was convicted of murder and sentenced to death for killing Stacie and Todd Bagley on federal land and for carjacking resulting in death. The United States has scheduled his execution for September 24, 2020. On August 10, 2020, after pursuing a direct appeal and a 28 U.S.C. § 2255 motion, Mr. Vialva filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, arguing, among other things, that trial counsel was ineffective for representing him despite a conflict of interest. Although Mr. Vialva has alleged that one of his trial attorneys displayed a stunning disregard for his right to conflict-free counsel, this Court must deny the petition without reaching the merits because Mr. Vialva has not shown that § 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

## I.      Background

On June 21, 1999, Mr. Vialva and two confederates asked Todd and Stacie Bagley for a ride outside a convenience store in Killeen, Texas.[1] After directing Todd to a secluded location, Mr. Vialva and another man pointed guns at the Bagleys, ordered them out of the car, took their

---

[1] The summary of Mr. Vialva's crimes is drawn from the Fifth Circuit's opinion on direct appeal, *United States v. Bernard*, 299 F.3d 467, 471 (5th Cir. 2002) ("*Bernard I*").

money, jewelry, and ATM cards, and forced them into the trunk. They then drove around for hours, stopping at ATMs to try to withdraw cash and running other errands, before eventually stopping at the Belton Lake Recreation Area on the Fort Hood military reservation. After his confederates poured lighter fluid in the interior of the car and opened the trunk, Mr. Vialva shot Todd in the head and Stacie in the face. Another man set fire to the car. Todd died from the gunshot wound, but Stacie died from smoke inhalation. Mr. Vialva and his confederates tried to flee in another vehicle, but they did not get far before driving into a muddy ditch. Local law enforcement found them trying to push the car out of the ditch and eventually arrested them after finding the Bagleys' bodies.

Mr. Vialva was convicted in the United States District Court for the Western District of Texas of carjacking resulting in death, conspiracy to commit murder, and two counts of murder within the special maritime and territorial jurisdiction of the United States. The jury recommended a death sentence, and District Judge Walter S. Smith imposed it.

Dwight Goains represented Mr. Vialva at both trial and sentencing. But from the moment he was appointed through the end of trial, Mr. Goains was seeking employment with the United States Attorney's Office for the Western District of Texas, the same office prosecuting Mr. Vialva. Dkt. 1-12 at 3 (Mr. Goains asserting that "for about the last eight or ten years [he had] been trying to apply to be an Assistant United States Attorney [(AUSA)]"). Indeed, Mr. Goains interviewed for a position in that office while representing Mr. Vialva and accepted an offer while Mr. Vialva's direct appeal was pending. Dkt. 1-14 (letter from Mr. Goains asserting that he interviewed for an AUSA position in February 2000 and accepted a position in February 2001). There is no evidence that Mr. Goains disclosed his employment prospects to Mr. Vialva until May 3, 2000—several months into the representation and just weeks before trial. *See* dkt. 1-15, ¶ 9 (Lisa McCalmont

declaration). On this date, Mr. Goains visited Mr. Vialva without co-counsel and obtained a waiver of the conflict signed by Mr. Vialva. *Id.*, ¶ 11. There is also no evidence that Mr. Vialva was advised of his right to have the advice of independent counsel before waiving such a significant conflict. Three days before trial, Mr. Vialva waived the conflict in open court after the district judge informed Mr. Vialva that he "would certainly consider" appointing new counsel if Mr. Vialva so chose. Dkt. 1-12 at 6.

Mr. Vialva did not argue Mr. Goains's apparent conflict of interest on direct appeal, but he raised it, among other claims, in a 28 U.S.C. § 2255 motion filed in the Western District of Texas. The district court denied relief, and the Fifth Circuit denied a certificate of appealability in August 2014. *United States v. Bernard*, 762 F.3d 467, 476−77 (5th Cir. 2014) ("*Bernard II*"). The Supreme Court denied certiorari.

Mr. Vialva later filed a motion for relief from judgment, *see* Fed. R. Civ. P. 60(b), citing recent revelations about the district judge who decided his § 2255 motion and presided at his trial. Judge Smith was sanctioned in 2015 for (1) sexually harassing a court employee; (2) failing to recuse himself from cases in which the attorney who represented him for his misconduct proceedings appeared in court; and (3) allowing others to make false factual assertions on his behalf during his misconduct proceedings. Dkt. 6. The district court found that the purported motion for relief from judgment was in fact a successive § 2255 motion and dismissed it. The Fifth Circuit affirmed, though on other grounds.

Next, Mr. Vialva filed a habeas corpus petition in this Court raising the following claims:

1.      the district court failed to comply with 18 U.S.C. § 3005 by consulting with the Federal Public Defender before appointing trial counsel;

2.      his execution would violate the Eighth Amendment because he lacked adult moral culpability at the time of his crimes; and

3. trial counsel was ineffective for

    a. representing Mr. Vialva despite a conflict of interest;

    b. failing to obtain adequate funding for the penalty phase;

    c. failing to present available mitigating evidence;

    d. failing to rebut the government's arguments about his future dangerousness; and

    e. failing to object to the government's presentation of non-statutory aggravating factors.

The respondent has answered, arguing that Mr. Vialva cannot raise these claims in a habeas corpus petition because he could have—and indeed did—raise them in a § 2255 motion. Dkt. 11 at 26−31; *see* 28 U.S.C. § 2255(e) (district court shall not entertain habeas petition raising claims that could have been brought in § 2255 motion unless § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention"). Mr. Vialva argues that § 2255 was inadequate or ineffective as to his claims because the district judge's "misconduct and alcohol abuse during the period in which he presided over Mr. Vialva's trial and § 2255 proceedings precluded an untainted opportunity for meaningful review of Mr. Vialva's claims." Dkt. 12 at 12−13. He also argues that if § 2255(e) bars his petition, then the statute unconstitutionally suspends the writ of habeas corpus.

## II.     28 U.S.C. § 2255(e)

Habeas corpus is not the main avenue for prisoners convicted in federal court to challenge their convictions and sentences. Instead, federal prisoners are authorized to file a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a). A habeas corpus petition from a federal prisoner "shall not be entertained" unless § 2255 "is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). Courts have referred to this language as § 2255(e)'s "savings clause" or "safety valve." *Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015) ("savings clause"); *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020) ("safety valve").

The Seventh Circuit has recognized several situations in which § 2255 is inadequate or ineffective, such that § 2255(e) allows for the filing of a § 2241 petition. *See In re Davenport*, 147 F.3d 605, 611−12 (7th Cir. 1998) (claim relying on Supreme Court decision of statutory interpretation made retroactive to cases on collateral appeal); *Garza v. Lappin*, 253 F.3d 918, 921−23 (7th Cir. 2001) (claim relying on international tribunal's decision issued after § 2255 proceedings were completed); *Webster v. Daniels*, 784 F.3d 1123, 1135−44 (7th Cir. 2015) (en banc) (claim relying on evidence that existed but was unavailable at the time of trial and showed that defendant was categorically ineligible for the death penalty). These cases do not "rigidly describe the outer limits" of § 2255(e)'s safety valve. *Purkey v. United States*, 964 F.3d 603, 611−12 (7th Cir. 2020). At minimum, though, a petitioner must make "a compelling showing that, as a practical matter, it would be impossible to use [§] 2255 to cure a fundamental problem" alleged in the § 2241 petition. *Id.* at 615; *see Lee v. Watson*, 964 F.3d 663, 666 (7th Cir. 2020).

### III.    Discussion

Mr. Vialva has already litigated his underlying claims in a § 2255 motion. *Bernard II*, 762 F.3d at 476−77. He nevertheless asks this Court to consider his claims anew, this time in a § 2241 petition, because he claims § 2255 has proven inadequate or ineffective.

Mr. Vialva's primary argument to invoke the §2255(e) safety valve is that Judge Smith's "misconduct and alcohol abuse during the period in which he presided over Mr. Vialva's trial and § 2255 proceedings precluded an untainted opportunity for meaningful review of Mr. Vialva's claims." Dkt. 12 at 12−13. The problem with this argument is that § 2255, coupled with Rule 60(b), provides an avenue through which to raise it. Indeed, Mr. Vialva raised this claim in his Rule 60(b) motion seeking relief from judgment on his § 2255 motion. *United States v. Vialva*, No. 6:99-cr-70-ADA, dkt. 553 (W.D. Tex.) (arguing that "[t]he District Judge's impairments during the trial

and his continuing reluctance to acknowledge those impairments during post conviction . . . undermine all confidence in his review of this case"). The district court construed the purported Rule 60(b) motion as a successive § 2255 motion and dismissed it for lack of jurisdiction. Dkt. 1-8. However, the Fifth Circuit agreed with Mr. Vialva that Rule 60(b) is the proper mechanism to challenge a procedural defect, such as judicial malfeasance, that undermines the result in § 2255 litigation. *United States v. Vialva*, 904 F.3d 356, 361 (5th Cir. 2018) ("Vialva [is] correct that Rule 60(b) motions can legitimately ask a court to reevaluate already-decided claims—as long as the motion credibly alleges a non-merits defect in the prior habeas proceedings."). The court nevertheless denied a certificate of appealability based, in part, on its conclusion that "Judge Smith's unrelated misconduct does not constitute a defect in the integrity of . . . Vialva's [§ 2255] proceedings." *Id.* The Supreme Court again denied certiorari.

Mr. Vialva further argues that § 2255 was inadequate or ineffective because the Fifth Circuit applied the wrong standard in denying a certificate of appealability following the denials of his § 2255 and Rule 60(b) motions. Dkt. 1 at 22−24. In effect, he asks this Court to act as a court of review to the Fifth Circuit. Section 2255(e) requires something more than an alleged error in another court's conclusion. *See Webster*, 784 F.3d at 1136 ("[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied."). And the United States Supreme Court, the appropriate court to review the lower courts' decisions, had the opportunity to review the decisions, but chose not to.

The structure of § 2255 has not prevented Mr. Vialva from raising claims in federal court. Instead, the both Western District of Texas and the Fifth Circuit considered and rejected Mr. Vialva's § 2255 claims, and the Fifth Circuit considered and rejected his Rule 60(b) arguments as to why his § 2255 litigation was procedurally defective. While this Court may well not have

decided these significant claims in the same way, Congress has required they be raised in a petition under § 2255. The claims were in fact so raised, and were decided with a merits analysis by both the district of conviction and the applicable court of appeals. Section 2255 is not inadequate or ineffective merely because Mr. Vialva is disappointed with the result or because this Court might have reached a different one. *Webster*, 784 F.3d at 1136 ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied.").

Finally, the Court rejects Mr. Vialva's argument that, by barring his habeas corpus petition, § 2255(e) unconstitutionally suspends the writ of habeas corpus. Mr. Vialva was able to raise his claims in federal court by way of a § 2255 motion. *See Swain v. Pressley*, 430 U.S. 372, 381−82 (1977) (no Suspension Clause violation where prisoner may raise would-be habeas claims under § 2255, which provides "exact equivalent" remedy).

### IV.    Conclusion

Mr. Vialva raises a significant claim that the lone learned counsel who represented him at trial labored under a conflict of interest because counsel was seeking employment with the United States Attorney's Office during the course of his representation of Mr. Vialva. But Mr. Vialva has already raised that claim in prior proceedings under 28 U.S.C. § 2255 and was unsuccessful. Here, Mr. Vialva's petition for a writ of habeas corpus must be **denied** as barred by 28 U.S.C. § 2255(e). Mr. Vialva's motion to stay execution, dkt. [13], is **denied** because Mr. Vialva has not shown a strong probability of success on his claims. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 9/8/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Elizabeth Rachel Berenguer
US ATTORNEY'S OFFICE
elizabeth.berenguer@usdoj.gov

Susan Margaret Otto
FEDERAL PUBLIC DEFENDER WESTERN DISTRICT OF OKLAHOMA
susan_otto@fd.org

Emma Victoria Rolls
FEDERAL PUBLIC DEFENDER, WESTERN DISTRICT OF OKLAHOMA
emma_rolls@fd.org

| | | |
|---|---|---|
| CHRISTOPHER ANDRE VIALVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00413-JMS-DLP |
| | ) | |
| WARDEN, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**Final Judgment**

The Court now enters final judgment. The petition for a writ of habeas corpus is denied.

Date: 09/08/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk of Court

By: _____
Deputy Clerk

Distribution:

Elizabeth Rachel Berenguer
US ATTORNEY'S OFFICE
elizabeth.berenguer@usdoj.gov

Susan Margaret Otto
FEDERAL PUBLIC DEFENDER WESTERN DISTRICT OF OKLAHOMA
susan_otto@fd.org

Emma Victoria Rolls
FEDERAL PUBLIC DEFENDER, WESTERN DISTRICT OF OKLAHOMA
emma_rolls@fd.org

# *** PUBLIC DOCKET ***

<span style="color:blue">APPEAL</span>,<span style="color:green">HABEAS</span>,<span style="color:red">CLOSED</span>

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00413-JMS-DLP

| | |
|---|---|
| VIALVA v. WARDEN et al | Date Filed: 08/10/2020 |
| Assigned to: Judge Jane Magnus-Stinson | Date Terminated: 09/08/2020 |
| Referred to: Magistrate Judge Doris L. Pryor | Jury Demand: None |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) | Nature of Suit: 535 Death Penalty - Habeas Corpus |
| | Jurisdiction: Federal Question |

**Petitioner**

**CHRISTOPHER ANDRE VIALVA**    represented by    **Emma Victoria Rolls**
FEDERAL PUBLIC DEFENDER,
WESTERN DISTRICT OF
OKLAHOMA
215 Dean A. McGee Ave.
Suite 707
Oklahoma City, OK 73102
405-609-5979
Fax: 405-609-5976
Email: emma_rolls@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan Margaret Otto**
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF
OKLAHOMA
215 Dean A. McGee Avenue
Suite 109
Oklahoma City, OK 73102
405-609-5930
Fax: 405-609-5932
Email: susan_otto@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**WARDEN**
*Warden USP Terre Haute*

represented by **Elizabeth Rachel Berenguer**
US ATTORNEY'S OFFICE
601 NW Loop 310
Suite 600
San Antonio, TX 78216
(210) 384-7100
Fax: (210) 384-7126
Email: elizabeth.berenguer@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**UNITED STATES OF AMERICA**

represented by **Elizabeth Rachel Berenguer**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2020 | 1 | PETITION for Writ of Habeas Corpus *Pursuant 28 U.S.C. Sec. 2241*, filed by CHRISTOPHER ANDRE VIALVA. (No fee paid with this filing) (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Exhibit Index to Exhibits, # 3 Exhibit 1 - Order Denying 2255, # 4 Exhibit 2 - Order Denying Reconsideration, # 5 Exhibit 3 - Sept 28 2016 Fifth Cir Order Smith, # 6 Exhibit 4 - Dec 4 2015 Fifth Cir Order Smith, # 7 Exhibit 5 - Redacted Complaint, # 8 Exhibit 6 - Denying Rule 60(b), # 9 Exhibit 7 - Decl of Lucien Campbell, # 10 Exhibit 8 - Decl of Richard Burr, # 11 Exhibit 9 - Decl of Lawrence Fox, # 12 Exhibit 10 - Trans Hearing on Conflict, # 13 Exhibit 11 - Ltr Otto to Goains, # 14 Exhibit 12 - Ltr Goains to Otto, # 15 Exhibit 13 - Decl Lisa McCalmont, # 16 Exhibit 14 - Electronic Mail Schwieger to Lisa Brown, # 17 Exhibit 15 - Decl of George Rawlings, # 18 Exhibit 16 - Decl of Robert White, # 19 Exhibit 17 - Decl of Tena Francis, # 20 Exhibit 18 - Decl of Tina Erdmann, # 21 Exhibit 19 - Decl of Debbie Bynum, # 22 Exhibit 20 - Decl of Daneen Milam, # 23 Exhibit 21 Decl of Rowallan Vialva, # 24 Exhibit 22 - Decl of Stanley Schwieger, # 25 Exhibit 23 - Decl of Jacorby Smith, # 26 Exhibit 24 - Decl of James Davidson, # 27 Exhibit 25 - Decl of Jessica Haskins, # 28 Exhibit 26 - Decl of Jenell Hamilton, # 29 Exhibit 27 - Decl of Benjamin Sims, # 30 Exhibit 28 - Decl of Charlene Burke, # 31 Exhibit 29 - Decl of Dwight Stewart, # 32 Exhibit 30 - Decl of Patrick Brockett, # 33 Exhibit 31 - Decl of Mark Cunningham, # 34 Exhibit 32 - Decl of Stanley Schieger, # 35 Exhibit 33 - Amended Notice, # 36 Exhibit 34 - Ltr fr Steve Losch, # 37 Exhibit 35 - Decl of Kay Losch, # 38 Exhibit 36 - Ltr Vialva to Schwieger, # 39 Exhibit 37 - Vialva Ltr to Clerk)(Otto, Susan) (Entered: 08/10/2020) |
| 08/10/2020 | 2 | MOTION for Leave to Proceed in forma pauperis , filed by Petitioner CHRISTOPHER ANDRE VIALVA. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit 1 - Order Appointing, # 3 Exhibit 2 - Inmate Trust Account)(Otto, Susan) (Entered: 08/10/2020) |
| 08/10/2020 | 3 | MOTION for Attorney(s) Susan M. Otto to Appear pro hac vice (No fee paid |

| | | |
|---|---|---|
| | | with this filing), filed by Petitioner CHRISTOPHER ANDRE VIALVA. (Attachments: # 1 Text of Proposed Order Proposed Order)(Otto, Susan) (Entered: 08/10/2020) |
| 08/10/2020 | 4 | MOTION for Attorney(s) Emma V. Rolls to Appear pro hac vice (No fee paid with this filing), filed by Petitioner CHRISTOPHER ANDRE VIALVA. (Attachments: # 1 Text of Proposed Order)(Otto, Susan) (Entered: 08/10/2020) |
| 08/11/2020 | 5 | PROCEDURES AND PRACTICES before Judge Jane Magnus-Stinson. (RSF) (Entered: 08/11/2020) |
| 08/11/2020 | 6 | ORDER TO SHOW CAUSE - The United States shall have through August 25, 2020, to answer the allegations of the petition and show cause why the relief sought should not be granted. Mr. Vialva shall have through September 1, 2020, to reply. The Court does not anticipate extending these deadlines absent extraordinary circumstances. Mr. Vialva's motion for leave to proceed in forma pauperis, dkt. 2 , is granted. See Order. Signed by Judge Jane Magnus-Stinson on 8/11/2020.(KAA) (Entered: 08/11/2020) |
| 08/12/2020 | 7 | ORDER granting 3 Motion to Appear pro hac vice, Susan M. Otto appearing as counsel on behalf of the Plaintiff, Christopher Andre Vialva. Signed by Magistrate Judge Doris L. Pryor on 8/12/2020. (KAA) (Entered: 08/12/2020) |
| 08/12/2020 | 8 | ORDER granting 4 Motion to Appear pro hac vice. Attorney Emma Victoria Rolls for CHRISTOPHER ANDRE VIALVA added. Signed by Magistrate Judge Doris L. Pryor on 8/12/2020. (KAA) (Entered: 08/12/2020) |
| 08/18/2020 | 9 | NOTICE of Appearance for Respondent (Berenguer, Elizabeth) Modified on 8/19/2020 (KAA). (Entered: 08/18/2020) |
| 08/25/2020 | 10 | MOTION for Leave to File *Oversized Brief*. (Attachments: # 1 Text of Proposed Order)(Berenguer, Elizabeth) (Entered: 08/25/2020) |
| 08/25/2020 | 11 | RETURN TO ORDER TO SHOW CAUSE, re 6 Order to Show Cause.. (Berenguer, Elizabeth) (Entered: 08/25/2020) |
| 08/28/2020 | 14 | ORDER granting 10 Motion for Leave to File Oversized Brief. Respondent is permitted to file an oversized brief. Respondent's Return to Order to Show Cause Dkt. 11 is accepted by the Court with a filing date of August 25, 2020. Signed by Magistrate Judge Doris L. Pryor on 8/28/2020. (KAA) (Entered: 08/31/2020) |
| 08/31/2020 | 12 | Reply re 11 Return to Order to Show Cause, filed by CHRISTOPHER ANDRE VIALVA.. (Otto, Susan) (Entered: 08/31/2020) |
| 08/31/2020 | 13 | MOTION to Stay *of Execution*, filed by Petitioner CHRISTOPHER ANDRE VIALVA. (Attachments: # 1 Text of Proposed Order)(Otto, Susan) (Entered: 08/31/2020) |
| 09/01/2020 | 15 | Unopposed MOTION for Leave to File *Response to Petitioner's Motion for Stay of Execution*. (Attachments: # 1 Exhibit Proposed Response)(Berenguer, Elizabeth) (Entered: 09/01/2020) |
| | | |

| 09/01/2020 | 16 | Supplemental Reply re 11 Return to Order to Show Cause, filed by CHRISTOPHER ANDRE VIALVA.. (Attachments: # 1 Exhibit 1 - 5th Cir. Judicial Conduct)(Otto, Susan) Modified on 9/1/2020 - updated title (RSF). (Entered: 09/01/2020) |
|---|---|---|
| 09/01/2020 | 17 | Order Granting Motion to File Response - The respondent's motion to file a response to the petitioner's motion to stay execution, dkt. 15 , is granted to the extent that the respondent shall have through September 2, 2020, to file a response. The proposed response is not deemed filed. Mr. Vialva shall have through September 4, 2020, to file a reply in support of his motion to stay execution. Signed by Judge Jane Magnus-Stinson on 9/1/2020. (KAA) (Entered: 09/01/2020) |
| 09/01/2020 | 18 | RESPONSE in Opposition re 13 MOTION to Stay *of Execution* . (Berenguer, Elizabeth) (Entered: 09/01/2020) |
| 09/03/2020 | 19 | REPLY in Support of Motion re 13 MOTION to Stay *of Execution* , filed by Petitioner CHRISTOPHER ANDRE VIALVA. (Rolls, Emma) (Entered: 09/03/2020) |
| 09/08/2020 | 20 | Order Denying Petition for a Writ of Habeas Corpus - Mr. Vialva raises a significant claim that the lone learned counsel who represented him at trial labored under a conflict of interest because counsel was seeking employment with the United States Attorney's Office during the course of his representation of Mr. Vialva. But Mr. Vialva has already raised that claim in prior proceedings under 28 U.S.C. § 2255 and was unsuccessful. Here, Mr. Vialva's petition for a writ of habeas corpus must be denied as barred by 28 U.S.C. § 2255(e). Mr. Vialva's motion to stay execution, dkt. 13 , is denied because Mr. Vialva has not shown a strong probability of success on his claims. Final judgment shall now enter. (See Order.) Signed by Judge Jane Magnus-Stinson on 9/8/2020. (RSF) (Entered: 09/08/2020) |
| 09/08/2020 | 21 | Final Judgment - The Court now enters final judgment. The petition for a writ of habeas corpus is denied. (See Order.) Signed by Judge Jane Magnus-Stinson on 9/8/2020.(RSF) (Entered: 09/08/2020) |
| 09/08/2020 | 22 | NOTICE OF APPEAL as to 21 Closed Judgment, 20 Order on Motion to Stay, filed by Petitioner CHRISTOPHER ANDRE VIALVA. (No fee paid with this filing) (Rolls, Emma) (Entered: 09/08/2020) |
| 09/08/2020 | 23 | DOCKETING STATEMENT by CHRISTOPHER ANDRE VIALVA re 22 Notice of Appeal (Rolls, Emma) (Entered: 09/08/2020) |

**Case #: 2:20-cv-00413-JMS-DLP**